# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD CARLIN, et al., | 1:09cv0430 AWI DLB |
| | 1:09cv0556 AWI DLB |
| | 1:09cv0558 AWI DLB |
| | 1:09cv0607 AWI DLB |
| Plaintiffs, | |
| | ORDER GRANTING PLAINTIFFS' MOTION |
| v. | TO CONSOLIDATE RELATED ACTIONS |
| | AND APPOINTING INTERIM CLASS AND |
| DAIRY AMERICA, INC., et al., | LIAISON COUNSEL |
| | |
| | (Document 10) |
| Defendants. | |

On April 15, 2009, Plaintiffs Gerald Carlin, John Rahm, Paul Rozwadowski and Bryan Wolfe, individually and on behalf of themselves and all others similarly situated ("Plaintiffs"), field the instant motion to consolidate cases and appoint Interim Class and Liaison Counsel. Pursuant to Local Rule 78-230(h), the Court deemed the matter suitable for decision without oral argument.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 6, 2009, Plaintiffs filed the instant class action against Defendants DairyAmerica, Inc., and California Dairies, Inc. ("Defendants"). The action is proceeding on the First Amended Complaint ("FAC"), filed on April 3, 2009, and based on allegations that Defendants negligently and incorrectly reported nonfat dry milk prices to the National Agricultural Statistics Service. Plaintiffs allege that this egregious misreporting, which was used to set formulas that factor into dairy product pricing, resulted in artificially-depressed raw milk

prices and unfairly deprived American dairy farmers of millions of dollars.

The FAC alleges causes of action for (1) negligent misrepresentation; (2) negligent interference with prospective economic advantage; (3) unlawful business practices in violation of California Business and Professions Code section 17200, et seq.; and (4) unjust enrichment. The FAC defines the class as follows:

> All dairy farmers located in the United States who sold raw milk that was priced according to a Federal Milk Marketing Order during the period January 1, 2002 through April 30, 2007.

FAC, ¶ 27.

Plaintiffs are represented by the law firms of Cohen Milstein Sellers & Toll ("Cohen Milstein") and Berman DeValerio.

## **PLAINTIFFS' MOTION**

Plaintiffs filed the instant motion on April 15, 2009, and seek to (1) consolidate the related actions (1:09cv0556 AWI DLB, 1:09cv0558 AWI DLB and 1:09cv0607 AWI DLB); (2) appoint Cohen Milstein as Interim Class Counsel; (3) appoint Berman DeValerio and Keller Rohrback to serve on an Interim Executive Committee to assist Interim Class Counsel; and (4) appoint Berman DeValerio as Interim Liaison Counsel.[1]

All parties agree to consolidate the actions for all purposes. The sole dispute revolves around Plaintiffs' proposed leadership structure. Cohen Milstein seeks to be appointed as the sole Interim Class Counsel, while Hagen Berman seeks to be Co-Lead Counsel. Defendants' oppositions, filed on May 5 and May 7, take no position on the appropriateness of appointing Cohen Milstein as Interim Class Counsel or on the need for an Interim Executive Committee or Interim Liaison Counsel.

On May 5, 2009, Plaintiffs Ronald Hayak (1:09cv0556 AWI DLB) and James Rehberg (1:09cv0559 AWI DLB), both represented by Hagens Berman Sobol Shapiro ("Hagens Berman"), filed their oppositions.

---

[1] Berman DeValerio, co-counsel in this action, and Keller Rohrback, counsel in 1:09cv607 AWI DLB, agree with the positions set forth by Cohen Milstein. In fact, all three firms join in this motion and are referred to collectively by Plaintiffs as the "CBK firms."

2

**DISCUSSION**

A.   Motion to Consolidate

As all parties agree to consolidating the related actions, Plaintiffs' motion to consolidate is GRANTED. Fed.R.Civ.Proc. 42(a) These actions are consolidated for all purposes, including trial.

B.   Motion for Appointment of Interim Class and Liaison Counsel

Plaintiffs move to (1) appoint Cohen Milstein as Interim Class Counsel; (2) appoint Berman DeValerio and Keller Rohrback to serve on an Interim Executive Committee to assist Interim Class Counsel; and (3) appoint Berman DeValerio to serve as Interim Liaison Counsel.

1.   *Legal Standard*

Federal Rule of Civil Procedure 23(g)(3) provides that "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."

Rule 23(g)(1)(A) provides that the court must consider the following factors when appointing class counsel:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

2.   *Discussion*

In analyzing the factors above, especially the first factor, the Court agrees that Cohen Milstein should be appointed Interim Class Counsel. Though there is no dispute that both Cohen Milstein and Hagens Berman have adequate experience in class actions and complex litigation, adequate knowledge of the applicable law and abundant resources, the first factor favors the appointment of Cohen Milstein. Cohen Milstein has done a majority of the preparation work leading to the filing of these actions, including investigation into the alleged misconduct and identification of the legal theory of the case. Indeed, a simple comparison of the original

complaint in this action with the two filed by Hagens Berman reveals that they are almost identical.

As to Berman DeValerio and Keller Rohrback, these firms are equally experienced and knowledgeable. Berman DeValerio is co-counsel in this action and Keller Rohrback worked with Cohen Milstein prior to filing its complaint on 1:09cv607 AWI DLB. By way of explanation, Cohen Milstein states that while it was conducting its investigation, Keller Rohrback began an investigation on behalf of an existing client, but before filing the complaint, conferred with Cohen Milstein about working together. Pursuant to Cohen Milstein's request, Keller Rohrback agreed to postpone the filing of its complaint until after the filing of the FAC. Keller Rohrback also reviewed and provided comment on the FAC.

In opposing the proposed leadership structure, Hagens Berman does not address any of the above factors. Instead, it focuses on what it sees as a leadership structure "borne of exclusion and segregation." Opposition, at 2. Hagens Berman first faults Cohen Milstein for not working cooperatively in forming a leadership structure. Certainly, the Court would have preferred that the parties decided this matter on their own, but where they could not, the Court simply focuses on the factors set forth in Rule 42(a) and will not apportion fault to any party.

Insofar as Hagens Berman argues that it was the first to include a nationwide class and that Cohen Milstein was somehow intentionally excluding potential plaintiffs, its argument is unavailing. Apart from the fact that its unlikely that a law firm would intentionally limit a class, and thus the potential recovery, Cohen Milstein explained that the original complaint narrowed the class to the 25 states where the law of negligent misrepresentation was materially indistinguishable from parallel law in California. The class was eventually expanded in the FAC when it became apparent that California law may apply nationwide when defendants are California corporations.

Accordingly, the Court finds that the factors set in Rule 42(a) support the leadership structure suggested by Cohen Milstein and the motion is therefore GRANTED.

4

**ORDER**

Based on the above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to consolidate is GRANTED. This action SHALL be consolidated with 1:09cv0556 AWI DLB, 1:09cv0558 AWI DLB and 1:09cv0607 AWI DLB for all purposes, including trial. 1:09cv430 AWI DLB shall be the lead case and referenced in the caption of all pleadings. The parties are instructed to file all documents in the lead case.

2. Plaintiffs' motion to appoint Interim Class Counsel and Liaison Counsel is GRANTED. Cohen Milstein is appointed as Interim Class Counsel, Berman DeValerio and Keller Rohrback are appointed to serve on an Interim Executive Committee to assist Interim Class Counsel, and Berman DeValerio is appointed to serve as Interim Liaison Counsel.

IT IS SO ORDERED.

Dated: **May 29, 2009**         /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE